UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:03-cr-00061-JAW |
| | ) | |
| CHRIS POWELL | ) | |

**ORDER ON DEFENDANT'S MOTION TO CORRECT SENTENCE
UNDER 28 U.S.C. § 2255**

On February 26, 2004, Chris Powell pleaded guilty to a charge of possession of a firearm by a felon, and on July 21, 2004, the Court sentenced him to 180 months mandatory minimum incarceration based on application of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Min. Entry* (ECF No. 26); *J.* (ECF No. 34) (*J.*). On August 17, 2015, Mr. Powell filed a pro se motion pursuant to 28 U.S.C. § 2255, arguing that his sentence of 180 months must be corrected in light of the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that sentence enhancements based on the residual clause of the Armed Career Criminal Act violate due process, overruling *Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011)). *Mot. for Appointment of Counsel* (ECF No. 40). Mr. Powell also asked that the Court appoint counsel to represent him, *id.*, and on September 1, 2015, the Court appointed Assistant Federal Defender James Nixon to represent Mr. Powell. *Am. Order Appointing Counsel* (ECF No. 42).

Before he could proceed with a § 2255 petition, Mr. Powell faced a procedural hurdle because he had previously filed a § 2255 petition, which had been denied. *See*

*Powell v. United States*, No. 1:05-cv-00045-JAW.  Therefore, his new petition would be considered a successive petition and potentially be barred.  However, Mr. Powell and the Government jointly moved the First Circuit Court of Appeals to authorize a successive § 2255 petition, and on October 20, 2015, the Court of Appeals granted the motion.  *J.* (ECF No. 44).

On October 21, 2015, Mr. Powell filed an unopposed motion under § 2255, asking that his sentence be reduced from 180 months to 120 months, the statutory maximum for possession of a firearm by a felon for a non-Armed Career Criminal Act case.  *Def.'s Unopposed Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 45); *Def.'s Corrected Unopposed Mot. to Correct Sentence Under 28 U.S.C. § 2255* (ECF No. 46) (*Corrected Mot.*).  Sentenced on July 21, 2004, Mr. Powell has already served more than 120 months incarceration.  *J.*  Mr. Powell represented that the Government does not oppose his motion, a representation the Court accepts.  *Corrected Mot.* at 1.

Based on the holding of *Johnson*, the Court concludes that Mr. Powell is serving a sentence that violates the United States Constitution and, therefore, relief under 28 U.S.C. § 2255(a) is warranted.  Furthermore, the Court finds that a sentence of 120 months, followed by a three-year period of supervised release is an appropriate sentence.[1]  18 U.S.C. § 924(a)(2).  Accordingly, the Court grants Petitioner's motion

---

[1] With the ACCA enhancement, because the Armed Career Criminal finding made Petitioner's offense a Class A felony with a minimum prison sentence of fifteen years and a maximum sentence of life imprisonment, 18 U.S.C. § 924(e)(1), the maximum period of supervised release was five years, 18 U.S.C. §§ 3581(b)(1), 3583(b)(1).  Without the enhancement, the maximum prison sentence is ten years, 18 U.S.C. § 924(a)(2), and a maximum period of supervised release of three years, 18 U.S.C. §§ 3581(b)(3), 3583(b)(2).

under 28 U.S.C. § 2255, vacates Petitioner's existing sentence, and sentences Petitioner to serve 120 months in prison, followed by a three-year period of supervised release under the same conditions previously ordered.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2015