UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:03-cr-00061-JAW |
| | ) | |
| CHRIS POWELL | ) | |

**ORDER DENYING PRO SE MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b)(5) and (6)**

A defendant who received a sentence reduction pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and overserved his period of incarceration seeks to apply the overserved time to his three-year period of supervised release. The Court concludes that under *United States v. Johnson*, 529 U.S. 53 (2000), the defendant is not entitled to credit his overserved time in incarceration against his period of supervised release. However, he is entitled to move the Court for a modification of the conditions of his supervised release and after one year of supervise release to move for early termination of his supervised release.

**I.     BACKGROUND**

On October 22, 2015, based on the United States Supreme Court decision of *Johnson*, 135 S. Ct. at 2563 (*Johnson II*), this Court granted Chris Powell's motion to correct his sentence under 28 U.S.C. § 2255, reducing his term of incarceration from 180 to 120 months with a three year term of supervised release to follow.[1]  *Order on*

---

[1]     At the original sentencing, the Court did not impose a fine but did impose a $100 special assessment.  *J.* at 5 (ECF No. 34). Mr. Powell satisfied his monetary penalty as of August 2, 2005. *Satisfaction of J.* (ECF No. 39).  Neither is now at issue.

*Def.'s Mot. to Correct Sent.* (ECF No. 47); *Am. J.* (ECF No. 48).  On October 30, 2015, Mr. Powell filed a pro se motion, purportedly under Federal Rule of Civil Procedure 60(b)(5) and (6), asserting that the Court erred in imposing a full three year term of supervised release.  *Mot. Under Rule 60(b)(5) & (6) for Relief from J.* (ECF No. 50) (*Def.'s Mot.*).  The Government filed a response on November 17, 2015, objecting to Mr. Powell's motion.  *Gov't's Opp'n to Powell's Mot. for Relief from J. under Rule 60(b)(5) and (6)* (ECF No. 51) (*Gov't's Opp'n*).  Mr. Powell has not filed a reply to the Government's response.

## II.   DISCUSSION

The Government raises a legitimate point that a Rule 60(b) motion is not an appropriate procedural vehicle to attack the Court's October 22, 2015 amended judgment.  However, rather than rule on a procedural basis, the Court instead addresses the merits of Mr. Powell's motion.  The Court concludes that Mr. Powell is not entitled to offset the time he served beyond the statutory maximum against the period of supervised release.  The applicable statute is 18 U.S.C. § 3624(e), which provides in part that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days . . . ."  Interpreting this statute, an earlier Supreme Court case, also called *Johnson*, wrote:

> The statute, by its own necessary operation, does not reduce the length of a supervised release term by reason of excess time served in prison.

2

*United States v. Johnson*, 529 U.S. 53, 60 (2000) (*Johnson I*). This interpretation is anchored not only by the language of the statute but also in policy. In a subsequent case, the Supreme Court explained that "[s]upervised release follows a term of imprisonment and serves an entirely different purpose than the sentence imposed under [18 U.S.C.] § 3553(a)." *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011); *see Johnson I*, 529 U.S. at 59 ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration").

On August 19, 2015, in *Francis v. Maloney*, 798 F.3d 33 (1st Cir. 2015), the First Circuit addressed a similar question and arrived at a similar result, also in a case involving a term of incarceration reduced under *Johnson II*. The *Francis* Court wrote:

> In *United States v. Johnson*, an inmate serving a prison sentence as a result of multiple felony convictions, was successful in having two of his convictions expunged. 529 U.S. at 53. As a result, he had over-served his revised sentence and was subsequently released from custody to begin a term of supervised release. *Id.* at 55. The Supreme Court addressed the question of whether the extra time served could be credited to the supervised release term; i.e., whether the date when the plaintiff was supposed to have been released could serve as the start of the period of supervised release. *Id.* at 54. Emphasizing the plain language of the statute governing supervised release, 18 U.S.C. § 3624(e), the Court concluded that the meaning of the phrase "is released from imprisonment" is clear: it signifies the date that the individual is actually released from prison. *Johnson I*, 529 U.S. at 56-59. Thus, the Court concluded that it could not change that date to account for the excess time incarcerated. *Id.* Instead, the petitioner could only seek redress through a petition to modify or terminate the sentence in the district court under 18 U.S.C. § 3583(e). *Id.* at 60.

*Francis*, 798 F.3d at 38-39. The First Circuit concluded that "*Johnson [I]* binds us." *Id.* at 39. As the First Circuit is bound by the holdings of the Supreme Court, this

3

Court is doubly so, first by the teachings of the United States Supreme Court and next by the rulings of the First Circuit Court of Appeals. One other district court in this Circuit has followed suit, *see United States v. Goldman*, No. 92cr10229MLW, 2015 U.S. Dist. LEXIS 106140, *3-4 n.1 (D. Mass. Aug. 12, 2015), and other circuits have ruled similarly. *See United States v. Pelaez*, 164 Fed. Appx. 169, 170 (2d Cir. 2006); *Milovanovic v. Samuels*, 266 Fed. Appx. 91, 92 (3d Cir. 2008); *Hinton v. Miner*, 138 Fed. Appx. 484, 484 (3d Cir. 2005); *United States v. Jackson*, 426 F.3d 301, 305 (5th Cir. 2005); *United States v. Goldberg*, 239 Fed. Appx. 993, 994 (6th Cir. 2007); *United States v. Mosley*, 353 Fed. Appx. 49, 54-55 (7th Cir. 2009); *Hohn v. United States*, 262 F.3d 811, 817 (8th Cir. 2001); *United States v. Ahmadzai*, 723 F.3d 1089, 1093-94 (9th Cir. 2013); *United States v. Brody*, 705 F.3d 1277, 1282 (10th Cir. 2013); *Watkins v. Haynes*, 445 Fed. Appx. 181, 183 (11th Cir. 2011).

As the First Circuit suggested in *Francis*, Mr. Powell's avenue of relief, if he has one, is to petition to modify or terminate his sentence pursuant to 18 U.S.C. § 3583(e). Mr. Powell is free to file a motion to modify the conditions of his supervised release at any time. 18 U.S.C. § 3583(e)(2). However, he may not file a motion to terminate his supervised release until "after the expiration of one year of supervised release." 18 U.S.C. § 3583(e)(1). As this Court granted the motion to reduce Mr. Powell's sentence under 28 U.S.C. § 2255 on October 22, 2015, he has not yet served the one-year minimum term of supervised release, and thus any immediate motion to modify or terminate his supervised release would be premature. If Mr. Powell elects to file a motion for early termination after the one-year statutory period, the

Court may consider the fact that he over-served his sentence, among other factors including his performance on supervised release, in ruling on his motion. *Johnson I*, 529 U.S. at 57-60.

## III.   CONCLUSION

The Court DENIES Chris Powell's Motion Under Rule 60(b)(5) & (6) for Relief from Judgment (ECF No. 50).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 15th day of December, 2015